Michael I. Wayne, Esq. (CSB # 169840)
mwayne@gglts.com'
Philip C. Zvonicek, Esq. (CSB # 220869)
pzvonicek@gglts.com
**GIBBS, GIDEN, LOCHER, TURNER & SENET LLP**
**1880 Century Park East, 12th Floor**
**Los Angeles, California 90067-1621**
**(310) 552-3400**
**Fax (310) 552-0805**

Attorneys for Creditor
COAST SIGN INCORPORATED., a
California corporation

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | Case No.: 9:11-bk-10125-RR |
| TRI CITIES FAST LUBES, INC., | CHAPTER 11 |
| Debtor. | **MEMORANDUM OF POINTS AND AUTHORITIES OF MOVANT COAST SIGN INCORPORATED'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    STATEMENT OF CASE**

Moving Party, COAST SIGN INCORPORATED ("Creditor") is a California corporation in the business of designing, manufacturing and installing custom signage products. Declaration of Doug Bailey ("Bailey Decl.") ¶ 3. The Debtor, TRI CITIES FAST LUBES, INC. ("Debtor") is the owner of several Jiffy Lube franchises in the State of Washington. Debtor contracted with Creditor to design, manufacture and install signage and sign related materials at several of Debtor's locations. Bailey Decl. ¶ 4. Creditor performed under its contract with Debtor at nine (9) of Debtor's locations (the "Properties.") However, Debtor failed to pay Creditor for its services. Bailey Decl. ¶¶ 5-6.

The location of the Properties is as follows:

1. 2802 W. 10th Ave, Kennewick, Washington 99336

2. 7201 W. Canal Drive, Kennewick, Washington 99336

3. 421 Williams Blvd., Richland, Washington 99354

4. 1105 N. Liberty Lake Rd., Liberty Lake, Washington 99019

5. 1414 N. Argonne Rd., Spokane Valley, Washington 99206

6. 6309 N. Wall St., Spokane, Washington 99208

7. 9412 N. Newport Highway, Spokane, Washington 99218

8. 13021 E. Sprague Ave., Spokane Valley, Washington 99216

9. 510 N. Sullivan Rd., Veradale, Washington 99037

Bailey Decl. ¶ 7.

As a result of Debtor's failure to pay, Creditor filed and recorded mechanic's liens against the Properties. Bailey Decl. ¶ 6. Specifically, on January 20, 2011, Creditor recorded three mechanic's liens (on properties 1-3 above) in Benton County, Washington securing $123,725.88. Bailey Decl. ¶ 7. On January 21, Creditor recorded three mechanic's liens (on properties 4-6 above) in Spokane County, Washington securing $54,269.21. Bailey Decl. ¶ 7. On January 24, 2011, Creditor recorded one mechanic's lien (on property 7 above) in Spokane County, Washington securing $27,219.07. Bailey Decl. ¶ 7. On February 1, 2011, Creditor recorded the final two mechanic's liens (on properties 8-9 above) in Spokane County, Washington securing $78,861.13. Bailey Decl. ¶ 7. A description of the properties, dates mechanic's liens were recorded and amounts secured are fully set forth in Attachment 1 to the Declaration of Doug Bailey in Form 4001-1M.RP.

Subsequently, Debtor filed for Chapter 11 bankruptcy. Creditor has since learned that it needs to record amended liens to adequately reflect the nature and extent of Creditor's claim against the Properties. Zvonicek Decl. ¶ 3. Creditor needs to record the mechanic's liens before the expiration of the ninety-day statutory period to ensure that Creditor's interest is protected. Creditor also needs to serve copies of the newly recorded amended mechanic's liens upon Debtor. The ninety-day statutory period within which to amend the first of these nine (9) mechanic's liens will expire on March 18, 2011. Therefore, Creditor must be allowed to record and serve copies of the amended mechanic's liens **by or before March 11,**

2

*MOTION FOR RELIEF FROM AUTOMATIC STAY*

**2011** to ensure that the amended liens will be recorded and served before the time to do so expires. Zvonicek Decl. ¶ 4.

The instant motion is necessary in order for Creditor to avoid sanctions under 11 U.S.C. §362(k) for initiating an enforcement action against the Debtor as defined by U.S.C. §362(a). Further, it is necessary to seek this motion on an *ex parte* basis, or, alternatively, under a shortened time for notice due to the fast approaching March 11, 2011 deadline. Finally, pursuant to *Revised Code of Washington* ("RCW") § 60.04.091(2), in order to preserve creditor's right to attorney's fees in connection with the mechanic's lien, Creditor needs to serve Debtor copies of the amended liens within fourteen (14) days of recording. Therefore, Creditor also requests this Court waive the 14-day stay described by Bankruptcy Rule 4001(a)(3).

## II. ARGUMENT

### A. Relief from stay should be granted for cause.

Creditor is entitled to relief from the automatic stay to proceed with recording nine (9) amended mechanic's liens and serving copies of said liens upon Debtor. Debtor is not the owner of the Properties, but does have a leasehold interest in the Properties.

Section 362(a) of the Bankruptcy Code bars, "the commencement or continuation, including the issuance or employment of process of a judicial, administration, or other proceeding against the Debtor that was or could have been commenced before the commencement of the case under this title." Although §362(a) provides a nearly comprehensive stay of proceedings against the Debtor, §362(d) requires the bankruptcy judge "to grant relief from the stay ... for cause." The term "cause" as used in §362(d) "has no clear definition and is determined on a case-by-case basis." *In re Tucson 13 Estates*, 912 F.2d 1162, 1166 (9th Cir. 1990).

Courts have adopted a three-factor test for determining whether "cause" exists by asking whether:

> "a. Any great prejudice to either the bankruptcy estate or the
> debtor will result from continuation of the civil suit,

3
*MOTION FOR RELIEF FROM AUTOMATIC STAY*

1019953_1

    b. The hardship to the [non bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor, and

    c. The creditor has a probability of prevailing on the merits."

In re *Fernstorm Storage & Van Co.*, 938 F.2d 731, 735 (1991) (quoting: *In re Pro Football Weekly*, 60 B.R. 824, 826 (N.D. Ill. 1986)).

  In applying the first element of this test, this Court can conclude that no great prejudice will affect either the bankrupt estate or the Debtor because the Debtor merely holds a leasehold interest in the underlying property. **The Debtor is not an owner of the property**. Therefore, merely recording an amended mechanic's lien and serving notice of said mechanic's lien upon Debtor **will not harm** the Debtor or the Debtor's estate.

  As to the second element of the test, the hardship visited on Creditor if this stay is not lifted is greater than the hardship to the Debtor if the stay is lifted. Creditor must file these amended mechanic's liens prior to the expiration of the 90 days provided under Washington law. RCW. 60.04.091 (2). Unless relief is granted from the stay, the Creditor will be forced to sit idly, while its statutory right to a mechanic's lien disappears. Finally, it is reasonably probable that the Creditor will succeed in a state court action against the Debtor on the basis that Creditor's damages arise out of Debtor's failure to pay for the services and materials Creditor provided.

  There can be no doubt that Debtor shall suffer little prejudice if relief of stay is granted as Creditor seeks nothing more than to be able to record the amended mechanic's liens upon the Properties and serve copies of said liens upon Debtor.

  **B.** **Relief from stay should also be granted because the Debtor does not have equity in the Properties and the Properties are not necessary for an effective reorganization.**

  Since the Debtor does not own and does not have any equity in the Properties in question and the Properties are not necessary for an effective reorganization, the Court should grant Creditor's motion for relief from stay. Under 11 U.S.C. §362(d)(2), the Court shall grant relief from the stay of an act against property under subsection (a) if: "(a) The

4

*MOTION FOR RELIEF FROM AUTOMATIC STAY*

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

1019953_1

debtor does not have equity in such property; and (b) such property is not necessary for an effective reorganization."

In the instant case, Debtor's interest in the property is merely that of a **lessee**. Debtor is not the underlying owner of the property; therefore, Debtor does not have any equity in said properties. Thus, the first element for relief under this section is satisfied.

Further, since Debtor is not an underlying owner of the properties, such property is not necessary for an effective reorganization. Therefore, Creditor has satisfied both elements necessary for relief to be granted under §362(d)(2) and this Court should grant Creditor relief from stay.

### C.  This Court has the discretion to grant relief from the automatic stay.

The bankruptcy court has the discretion to grant relief from stay. *See, e.g., Austin v. Wendell-West Co.*, 539 F.2d 71 (9th Cir. 1976); *In re Wood*, 548 F.2d 216 (8th Cir. 1977); *In re Holtkamp*, 669 F.2d 505 (7th Cir. 1982).

In *Holtkamp*, the Court stressed that the action should proceed if it fostered the purpose behind the automatic stay:

> "The purpose of the automatic stay is to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors, secured, as well as unsecured ... thereby preventing chaotic and uncontrolled scramble for the debtor's assets and a variety of uncoordinated proceedings in different courts ... where, as here, the pending action is neither connected with or interfering with the bankruptcy proceeding, the automatic stay in no way fosters Code policy."

*Holtkamp*, 669 F.2d at 508. (Internal quotes and citations removed.)

Clearly, granting Creditor the requested relief from the automatic stay so that Creditor may be allowed to record amended mechanic's liens and serve copies of the amended mechanic's liens upon Debtor will not set off a "chaotic and uncontrolled scramble for the

Debtor's assets" nor will it interfere with the "systematic equitable liquidation procedure" for all other creditors. Therefore, this Court should exercise its discretion and grant Creditor's requested relief from the automatic stay.

## III. CONCLUSION

Granting relief from the automatic stay will neither frustrate the goal of the orderly administration of the Debtor's estate, nor will it imperil the estate's assets. Moreover, the prejudice to Creditor if relief is not granted far outweighs any potential prejudice to Debtor if relief is granted.

WHEREFORE, Creditor respectfully requests this Court to enter an Order:

1. Lifting the automatic stay;

2. Authorizing Creditor to immediately record in the appropriate Counties in the State of Washington an amended mechanic's lien on nine (9) different parcels;

3. Authorizing Creditor to immediately serve copies of the nine (9) amended mechanic's liens to all property owners and reputed property owners, including but not limited to the bankrupt Debtor, by mailing the nine (9) amended liens by certified or registered mail or by personal service;

4. Waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3); and

5. Granting such other relief as the Court deems just and proper.

DATED: March 1, 2011                GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

By: _____
Philip C. Zvonicek, Esq.
Attorneys for Creditor
COAST SIGN INCORPORATED., a California corporation

6
MOTION FOR RELIEF FROM AUTOMATIC STAY

1019953_1

F 4001-1M.RP

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| Tri Cities Fast Lubes, Inc. | | Debtor(s). | CASE NO.: 9:11-bk-10125-RR |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
GIBBS, GIDEN, LOCHER, TURNER & SENET LLP
1180 Century Park East, 12th Floor
Los Angeles, CA  90067

A true and correct copy of the foregoing document described as   Memorandum of Points and Authorities of Movant Coast Sign
Incorporated's Motion for Relief From the Automatic Stay                                                                                                                   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:  The Honorable Robin L. Riblet, United States Bankruptcy Court - Central District of California
1415 State Street / Courtroom 201, Santa Barbara, California 93101-251

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  March 1, 2011                        I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

| Nicholas Henderson | Kristin Knox Esche | Jonathan Gura | Brian D. Fittipaldi |
|---|---|---|---|
| nhenderson@portlaw.com | kristinknoxesche@dwt.com | jon@msmlaw.com | brian.fittipaldi@usdoj.gov |

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  March 1, 2011                       I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See Attached Service List

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 1, 2011 | Gabrielle J. Witherspoon | _/s/ Gabrielle J. Witherspoon_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-1M.RP

**SERVICE LIST**
**Tri Cities Fast Lubes, Inc.**
**Chapter 11**
**Case No. 9:11-bk-10125-RR**

| | |
|---|---|
| Sopus Products<br>P.O. box 7247-6236<br>Philadelphia, PA 19170-6236 | Banner Bank<br>Attention Grant Braschel<br>3005 112th Avenue NE, suite 100<br>Bellevue, WA 98004 |
| Jiffy Lube International<br>P.O. Box 7247-6242<br>Philadelphia, PA 19170-6242 | Connell<br>P.O. Box 3998<br>Pasco, WA 99302 |
| Washington State Dept. of Revenue<br>P.O. Box 34052<br>Seattle, WA 98124 | The Admark Group<br>96 North Sunnyslope Avenue, #B<br>Pasadena, CA 91107 |
| A&I Distributors<br>P.O. Box 1999<br>Billings, MT 59103 | Service Champ<br>1801 Woolner Avenue<br>Fairfield, CA 94533 |
| K&M Jackson<br>3700 NW Roosevelt Drive<br>Corvallis, OR 97330 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 12101-7346 |
| Washington State Dept. of<br>  Labor & Industries<br>P.O. Box 34022<br>Seattle, WA 98124 | Thompson-Jackson LP<br>3700 NW Roosevelt Drive<br>Corvallis, OR 97330 |
| The Lamar Companies<br>P.O. Box 96030<br>Baton Rouge, LA 70896 | S&E<br>14773 South Heritage Crest Way<br>Bluffdale, UT 84065 |
| MIC Corporation<br>8205 N. Division<br>Spokane, WA 99208 | Confero Inc.<br>1152 Executive Circle, Suite 10<br>Cary, NC 27511 |
| John Tonani<br>122 S. Bentley Place<br>Post Falls, ID 83854 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 12101-7346 |
| Mancini Properties<br>P.O. Box 361930<br>Milpitas, CA 95036-1930 | |

GIBBS, GIDEN, LOCHER, TURNER & SENET LLP

1021342_1